IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-96-5059 REC |
| | ) | |
| | ) | ORDER DENYING MOTION TO |
| | ) | PRODUCE PRESENTENCE |
| Plaintiff/ | ) | INVESTIGATION REPORT |
| Respondent, | ) | ADDENDUM |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| WARREN LEE UNDERWOOD, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant/ | ) | |
| Movant. | ) | |
| | ) | |
| | ) | |

On January 3, 2006, movant Warren Lee Underwood, proceeding in pro per, filed a motion pursuant to Rule 32, Federal Rules of Criminal Procedure, for an order allowing movant to obtain a copy of the addendum to the Presentence Investigation Report. Movant asserts that the court received a revision or addendum to the presentence report just prior to imposition of sentence and that movant did not receive a copy of that addendum
and was not allowed the opportunity to discuss the addendum with

1

1 his attorney prior to sentencing.

2    Movant was scheduled to be sentenced on June 16, 1997.  At
3 the June 16 sentencing hearing, movant advised the court that he
4 had reviewed the presentence report and discussed it with defense
5 counsel.  However, because defense counsel raised arguments not
6 previously asserted in the objections to the presentence report,
7 the court continued sentencing to July 14, 1997.  On July 14,
8 1997, two hearings were conducted in connection with movant's
9 sentencing.  During the first hearing on July 14, movant advised
10 the court that he had reviewed the presentence investigation
11 reports with defense counsel prior to the hearing.  Prior to
12 imposition of sentence, the following occurred:

13    MS. SERVATIUS: There is one other mistake in
       the pronouncement of judgment.  The defendant
14     was convicted of Count 1 and Count 2, and the
       recommendation says Count 1 and Count 5.
15     There is no Count 5.  It's Count 1 and Count
       2, and, then, the forfeiture counts are 3 and
16     4.

17     THE COURT: Mr. Tandy, do you have any
       comments concerning the fact that the
18     probation report indicates -

19     MR. TANDY: No.

20     THE COURT: That Count 5 would be 120 months,
       when it actually is Count 2.  Is that
21     correct?

22     MS. SERVATIUS: Yes, Your Honor.

23     MR. TANDY: No, I do not.

24     THE COURT: All right.  And are the parties in
       agreement that the forfeiture counts are
25     Counts 3 and 4?

26     MR.  TANDY: Yes, Your Honor.

1  The court then pronounced sentence, sentencing "to be imprisoned
2  for life on Count 1 and a term of 120 months on Count 2, to be
3  served concurrently." The court also imposed a term of
4  supervised release of 120 months. After pronouncement of
5  sentence, the following occurred:

> MS. SERVATIUS: Your Honor, I'm sorry, and I sincerely apologize. Apparently when I read off to the Court what I thought was a mistake in the presentence report, it was based on not the most recent superceding indictment, and Mr. Hatfield was trying to figure out how we could have made a mistake as to Count 5. And it's because the third superseding indictment has a Count 5. And it's a felon in possession here. And so that how it should read is that the defendant was convicted of Counts 1 and 2, and it doesn't reflect Count 2 in the pronouncement, but the sentence to life on Counts 1 and 2, and it is 120 months on Count 5, which is the felon in possession charge.
>
> THE COURT: I take it 3 and 4 will still be the forfeiture counts?
>
> MS. SERVATIUS: Your Honor, if we could, if the Court - Mr. Hatfield and I have found an additional mistake, and I would ask that you vacate the judgment and we could continue so that we could make sure that the presentence report is correct as to the judgment. Because the 120 months on Count 5 is also an error because it's 15 year mandatory sentence -
>
> THE COURT: I have to tell you and perhaps the U.S. Attorney's Office and the Federal Defender's Office and the probation office ought to get together. The probation reports have been rifed with mistakes.

24 Movant's defense attorney then advised the court that he wanted
25 to proceed with sentencing on July 14. The court thereupon
26 continued sentencing until the afternoon of July 14, stating that

3

the court "expect[ed] that I will be given the appropriate information, correct information relating to the charges and their numbering." At the afternoon session on July 14, 1997, the following occurred:

> THE COURT: Mr. Homola, Miss Servatius, Mr. Tandy, all right. The Court has received just prior to coming on the bench a revised or addendum to presentence investigation report. I assume, Mr. Homola, Mr. Tandy, Miss Servatius, each of you have received -
>
> MR. HOMOLA: Acknowledge receipt, Your Honor.
>
> MR. TANDY: I have it also, Your Honor.
>
> MS. SERVATIUS: Yes.
>
> THE COURT: All right, I'm going to have Mr. Hatfield set forth what changes or additions or deletions we find in this memorandum compared to what we've seen before.
>
> ...
>
> MR. HATFIELD: On the second page of 'Recommendation of Table,' the changes include under the custody section, Count 2 now. In there, that was before, it was just Count 1 and Count 5. Under Count 5 of the custody section, it includes the 15 years to life, whereas the previous statement did not. And on the supervised release table, Count 5 is now five years supervised release, whereas before, it was not.
>
> The justification section includes Count 2 whereas before it did not. The recommendation includes a recommendation for a life sentence and a sentence of 180 months as to Count 5, to be served concurrently with the recommendation for Count 1. That's all the changes I made.
>
> THE COURT: Well, I note that there's also reference to the forfeiture counts.
>
> MR. HATFIELD: Yes, Your Honor, I apologize.

4

1    Beginning with the Government, we included a
2    sentence in there, for the recommendation of
     forfeiture as to Counts 3 and 4.

3    THE COURT: All right.  The Court, in
     reviewing all of this assumes that the
4    changes needed for the sentence previously
     handed down this morning would be a Count 2
5    life sentence to run concurrent with Count 1.
     The forfeiture counts, we discussed this
6    morning, 3 and 4 in like with a special jury
     verdict to forfeiture, and Count 5, the Court
7    notes that the difference is a term of 180
     months as compared to a recommended 120
8    months before.

9    Mr. Hatfield, was the 180 month an
     enhancement, or was that the actual guideline
10   sentence for Count 5?

11   MR. HATFIELD: It was a statutory enhancement
     for the prior conviction, Your Honor.
12
     THE COURT: All right.  Mr. Tandy, obviously
13   the change is to Count 5, a 60-month
     statutory enhancement not referred to
14   previously.  Count 2 would appear to be a
     concurrent sentence, life sentence.  And then
15   the statutory - or the forfeiture counts, we
     discussed this morning and is merely a catch-
16   up by the probation report to what happened
     this morning.  Since these changes have been
17   made, the Court will - within a reasonable
     request inquire as to what you would want to
18   do at this point in time.

19   MR. TANDY: Can I just have one moment?

20   THE COURT: You may.

21   MR. TANDY: Judge, we'll proceed at this time.

22 The court then sentenced movant to life imprisonment on Count 1,

23 life imprisonment on Count 2 to run concurrent with Count 1, 180

24 months on Count 5 to run concurrent with Counts 1 and 2, imposed

25 forfeiture of properties set forth in the special jury verdict,

26 and imposed a 120 month term of supervised release.  The court

5

1  then stated:

2        Within that 20 days, if you wish any
      clarifications of the Court's ruling or
3        orders for any purpose whatsoever, you may
      make that request and the Court will make
4        whatever clarification you deem necessary.
      If you deem anything necessary in front of
5        Mr. Underwood, the Court will do so, and you
      can either do it by phone yourself, Mr.
6        Tandy, and, Mr. Homola present or however you
      wish to do it. My apologies for the
7        confusion and delay.

8  The court then ordered that the 10-day period to file an appeal

9  commence on July 28, 1997 if no requests for clarification were

10 made.

11     During the time period between July 14, 1997 and July 28,

12 1997, movant did not contend that he had not been provided with a

13 copy of the addendum to the presentence report. Movant filed an

14 appeal to the Ninth Circuit. In his appeal, movant did not

15 assert that he was not provided a copy of an addendum to the

16 presentence report. Following the affirmance of movant's

17 conviction and sentence on appeal, movant filed a motion to

18 vacate, set aside or correct sentence pursuant to 28 U.S.C. §

19 2255. Again, movant did not claim he was entitled to relief

20 because of the failure to provide him with a copy of an addendum

21 to the presentence prior to sentencing. Movant's Section 2255

22 motion was denied by Order filed on January 26, 2001. The Ninth

23 Circuit affirmed the denial of movant's Section 2255 motion in

24 late 2002.

25     Rule Crim. 32-461, Local Rules of Practice, provides in

26 pertinent part:

1  **(a) Confidential Character of Probation Records.** The reports, probation supervision records, and other confidential records maintained by the probation office are confidential records of the United States District Court.  Such records shall be disclosed only to the Court, unless further disclosure is authorized by order of the Court.

**(b) Requests for Disclosure.** Any applicant seeking an order authorizing further disclosure of confidential records maintained by the probation office shall file a written petition to the Court establishing with particularity the need for specific information in the records. Requests for disclosure made to probation officers are improper.  The probation officer may seek instruction from the Court with respect to a request and may direct the person seeking access to documents to petition the Court in writing for release of the records or documents.  No disclosure shall be made except upon an order issued by this Court.

Here, movant has not established with particularity his need for a copy of the addendum to the Presentence Investigation Report. As noted, movant's conviction is final. Furthermore, movant cannot proceed pursuant to 28 U.S.C. § 2255 with any claim relative to the addendum in the absence of authorization from the Ninth Circuit to file a second or successive Section 2255 motion. Consequently, the court denies movant's request.

IT IS SO ORDERED.

**Dated: February 27, 2006**                    **/s/ Robert E. Coyle**
668554                                           UNITED STATES DISTRICT JUDGE

7